# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFREDA JONES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. CV 17-07404-AFM<br><br>**MEMORANDUM OPINION AND ORDER REVERSING AND REMANDING DECISION OF COMMISSIONER** |

Plaintiff filed this action seeking review of the Commissioner's final decision denying her application supplemental security income. In accordance with the Court's case management order, the parties have filed memorandum briefs addressing the merits of the disputed issue. This matter now is ready for decision.

## BACKGROUND

In July 2014, Plaintiff filed an application for Supplemental Security Income, alleging disability beginning January 1, 2011. (Administrative Record ("AR") 143-151.) After her application was denied (AR 77-81), a hearing was held before an Administrative Law Judge ("ALJ") on September 6, 2016. Both Plaintiff, who was represented by an attorney, and a vocational expert ("VE") testified at the hearing. (AR 46-60.)

On October 14, 2016, the ALJ issued a decision finding that Plaintiff suffered from the following severe impairments: degenerative disc disease of the lumbar spine with sciatica and mood disorder. (AR 30.) The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform medium work limited to simple, routine tasks that do not involve interaction with the general public. (AR 32.) Adopting the opinion of the VE, the ALJ concluded that given her RFC, Plaintiff could perform the work of kitchen helper, hospital cleaner, and warehouse worker. (AR 38.) Accordingly, the ALJ found Plaintiff was not disabled at any time from January 1, 2011 through the date of the ALJ's decision. (AR 30.) On August 18, 2017, the Appeals Council denied review, rendering the ALJ's decision the final decision of the Commissioner. (AR 1-7.)

**DISPUTED ISSUE**

Whether the ALJ properly evaluated the opinion of Dr. Caruso-Radin.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court reviews the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *See Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *See Garrison,* 759 F.3d at 1010; *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008); *Orn v. Astrue*, 495 F.3d

625, 630 (9th Cir. 2007). Finally, even when an ALJ's decision contains error, it must be affirmed if the error was harmless. *Treichler*, 775 F.3d at 1099.

## DISCUSSION

**1.    Dr. Caruso-Radin's opinion.**

Non-examining State agency psychologist, Phedra Caruso-Radin, Psy.D., reviewed Plaintiff's mental health records and provided a Mental Residual Functional Capacity Assessment. According to Dr. Caruso-Radin, Plaintiff is not significantly limited in her "ability to understand and remember very short and simple instructions" but is moderately limited in her "ability to understand and remember detailed instructions." (AR 71.) Dr. Caruso-Radin explained that Plaintiff "is able to understand, remember, and carry out a two-step command involving simple instructions." (AR 71-72.) Regarding Plaintiff's sustained concentration and persistence limitations, Dr. Caruso-Radin opined that Plaintiff was not significantly limited in her ability to "carry out very short and simple instructions," but moderately limited in her ability to maintain attention and concentration for "extended periods." (AR 72.) In her narrative explanation, Dr. Caruso-Radin reiterated that Plaintiff "can understand, remember, and carry out a two-step command involving simple instructions and maintain CPP [concentration, persistence, and pace] for such." (AR 72.) In the space marked "Additional Explanation" for mental RFC, Dr. Caruso-Radin wrote "Please see FOFA [Findings of Fact and Analysis of Evidence] for full explanation." (AR 73.) In the FOFA, Dr. Caruso-Radin opined that Plaintiff "can complete simple tasks with npc (no public contact)." (AR 67-68.)

**2.    The ALJ gave great weight to Dr. Caruso-Radin's opinion.**

The ALJ noted that Dr. Caruso-Radin's opinion indicated that Plaintiff was capable of understanding, remembering, and carrying out a two-step command involving simple instructions and that Plaintiff was capable of maintaining adequate concentration, persistence and pace for such. The ALJ also noted Dr. Caruso-Radin's opinion indicated that Plaintiff "would do best in a non-public environment." (AR 36

[citing AR 72-73].) The ALJ found Dr. Caruso-Radin's opinion to be consistent with treatment notes indicating that Plaintiff's mental status and cognitive function did not appear to be impaired as well as evidence indicating that Plaintiff had difficulty getting along with others. (AR 36-37.) The ALJ stated that he gave great weight to Dr. Caruso-Radin's opinion. (AR 36.)

The ALJ determined that Plaintiff could perform jobs involving no more than simple, routine tasks that do not involve interaction with the general public. (AR 32, 36-37.) Relying upon the foregoing mental RFC and the VE's testimony, the ALJ determined that Plaintiff could perform the jobs of kitchen helper (DOT 318.687-010), hospital cleaner (DOT 323.687-010), and warehouse worker (DOT 922.687-058). (AR 38.)

### 3. The ALJ erred by failing to address Dr. Caruso-Radin's opinion that Plaintiff was limited to following two-step commands.

Plaintiff argues that the ALJ committed error when he assessed her mental RFC as limited to "simple, routine tasks" because he failed to either incorporate or reject Dr. Caruso-Radin's opinion that Plaintiff could understand, remember, and carry out two-step commands. (ECF No. 20 at 5-6). Plaintiff's argument relies, in part, upon *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996 (9th Cir. 2015).

In *Rounds*, the Ninth Circuit made a critical distinction between a limitation to "simple routine and repetitive tasks" and a limitation to "one- or two-step instructions." *Rounds*, 807 F.3d at 1003-1004; *see Wilson v. Berryhill*, 2018 WL 1425963, at *34-35 (E.D. Cal. Mar. 22, 2018). The distinction is important because while an RFC to performing simple, routine tasks is consistent with Level 2 reasoning,[1] an RFC to one- to two-step tasks is not. *See Rounds*, 807 F.3d at 1003-1004 & n.6 (holding there is an apparent conflict between RFC limiting claimant to

---
[1] Level 2 reasoning is defined as the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variable in or from standardized situations." *See Zavalin v. Colvin*, 778 F.3d 842, 847 (9th Cir. 2015) (quoting DOT, App. C, 1991 WL 688702).

4

one- and two-step tasks and the demands of Level 2 reasoning; also noting that unpublished decisions of Ninth Circuit have concluded that an RFC limitation to "simple" or "repetitive" tasks is consistent with Level 1 reasoning); *Grigsby v. Astrue*, 2010 WL 309013, at *2 (C.D. Cal. Jan. 22, 2010) ("Level 2 reasoning jobs may be simple, but they are not limited to one- or two-step instructions. The restriction to jobs involving no more than two-step instructions is what distinguishes Level 1 reasoning from Level 2 reasoning."); *see also*, *Banales v. Berryhill*, 2017 WL 651941, at *2 (C.D. Cal. Feb. 16, 2017) ("Although a limitation to simple repetitive tasks may be consistent with Reasoning Level Two, a limitation to two-step instructions may not be consistent with Reasoning Level Two.") (citation omitted).

Following *Rounds*, district courts in this Circuit have found reversible error in cases essentially identical to this one. In *Banales*, for example, the ALJ acknowledged a doctor's functional assessment that the claimant could perform one- or two-step instructions, but then assessed a limitation to "simple repetitive tasks" without expressly discounting the one- or two-step limitation. *Banales*, 2017 WL 651941, at *2. The court found error and remanded the matter to the Commissioner. *Id.* at *3. Similarly, in *Garcia v. Colvin*, 2016 WL 6304626, at *6 (C.D. Cal. Oct. 27, 2016), the court found that although the ALJ's "simple, repetitive tasks RFC limitation" was consistent with a doctor's "simple, routine non-stressful work" opinion, it was "plainly inconsistent with [the doctor's] 'easy 1, 2 step directions' limitation which the ALJ decision never mentions." The court reversed the Commissioner's decision, adding that the "ALJ necessarily rejected the latter limitation without any explanation as required by Social Security regulations." *Garcia*, 2016 WL 6304626 at *6.

Here, the ALJ's RFC limiting Plaintiff to simple, routine tasks is consistent with part of Dr. Caruso-Radin's opinion, but fails to take into account her opinion that Plaintiff could understand, remember, and carry out two-step commands. The

ALJ's failure to either incorporate this opinion of Dr. Caruso-Radin, or provide sufficient reasons for rejecting it, constituted error. *See Burson v. Berryhill*, 2017 WL 1065140, at *4 (N.D. Cal. Mar. 20, 2017) (ALJ erred by limiting the claimant to "simple, repetitive tasks" without either including or expressly discounting doctor's opinion that claimant was capable of performing one- and two-step instruction work")); *Wells v. Colvin*, 2016 WL 4744668, at *8 (E.D. Cal. Sept. 13, 2016) (error where ALJ purported to accept doctor's opinion that claimant could "sustain simple one-two step repetitive tasks," but "did not adopt this limitation in the RFC, instead limiting Plaintiff to "'simple, routine, and repetitive tasks'").

Furthermore, the error was not harmless. As Plaintiff points out, the jobs identified by the VE require Level 2 reasoning, which Plaintiff may not be able to perform if she has a 1-2 step process limitation. *See Brown v. Berryhill*, 2018 WL 748150, at *3 (C.D. Cal. Feb. 7, 2018) (the ALJ erred "in failing to address or otherwise account for [doctor's] opinion, including the limitation to 'simple 1–2 step procedures,' and such error was not harmless"); *Benavidez v. Colvin*, 2014 WL 1245643, at *7 (N.D. Cal. Mar. 25, 2014) (where claimant was limited to execution of "simple one- and two-step commands," claimant only had RFC for Reasoning Level 1 jobs).

**REMEDY**

Ninth Circuit case law "precludes a district court from remanding a case for an award of benefits unless certain prerequisites are met." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2016) (citations omitted). "The district court must first determine that the ALJ made a legal error, such as failing to provide legally sufficient reasons for rejecting evidence. . . . If the court finds such an error, it must next review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and all essential factual issues have been resolved." *Dominguez*, 808 F.3d at 407 (citation and internal quotation marks omitted).

Although the Court has found error as discussed above, the record on the whole

is not fully developed and factual issues remain outstanding. The issues concerning Plaintiff's alleged disability "should be resolved through further proceedings on an open record before a proper disability determination can be made by the ALJ in the first instance." *See Brown-Hunter v. Colvin*, 806 F.3d 487, 496 (9th Cir. 2015); *see also Treichler*, 775 F.3d at 1101 (remand for award of benefits is inappropriate where "there is conflicting evidence, and not all essential factual issues have been resolved") (citation omitted); *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011) (same where the record does not clearly demonstrate the claimant is disabled within the meaning of the Social Security Act).

Accordingly, the appropriate remedy is a remand for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).[2]

**ORDER**

IT IS ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this opinion.

DATED: 7/31/2018

ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

---

[2] It is not the Court's intent to limit the scope of the remand.

7